United States District Court
for the District of New Jersey

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation,        *Plaintiff*, <br><br> V. <br><br> VNM FOOTHILLS TIC, LLC, a Delaware Limited Liability Company; DK TIC, LLC, a Delaware Limited Liability Company; MAYANK PATEL, an individual; VIRENDER SANWAL, an individual; NARINDER SANWAL, an individual; DILIP PATEL, an individual; an KOKILA PATEL, an individual, <br><br>        *Defendants*. | Civil No: 15-4078 (KSH)(CLW) <br><br><br><br> **OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

      This matter comes before the Court on a motion by plaintiff, Ramada Worldwide Inc. ("RWI"), seeking a final judgment by default against defendant Virender Sanwal ("Virender"), pursuant to *Federal Rule of Civil Procedure* 55(b)(2).

    **I.**    **Background**

      RWI alleges in a complaint (D.E. 1 ("Compl.")) filed on June 16, 2015, that on or around March 30, 2006, it entered into a License Agreement (D.E. 1, Ex. A ("License Agreement")) with defendants VMN Foothills TIC, LLC ("VNM") and DK TIC, LLC ("DK"). The parties to the License Agreement contracted to operate a 113-room Ramada hotel (the "Facility") in Tucson, Arizona for a 15-year term. (Compl. ¶ 18.) While operating the Facility, VNM and DK were required to make certain recurring payments for royalties, service assessments, taxes, interest, reservation system user fees, and other fees. (Compl. ¶ 20.) RWI could terminate the

1

License Agreement if VNM and DK discontinued operating the Facility or lost possession of, or the right to possess, the Facility. (Compl. ¶ 25.) Mayank Patel, Virender Sanwal, Narinder Sanwal, Dilip Patel, and Kokila Patel (collectively the "Guarantor Defendants") all signed a Guaranty (D.E. 1, Ex. B ("Guaranty")) which provided that in the event of default, the Guarantor Defendants would be "joint and severally" liable to perform or to pay RWI for VNM and DK's unperformed or unpaid obligations under the License Agreement. (Compl. ¶ 27; Guaranty.)

VNM and DK sold the Facility without RWI's prior consent on or around March 26, 2013. (Compl. ¶ 29.) Stemming from this alleged breach of the License Agreement, RWI asserts in the fourth and final count of its complaint that the Guarantor Defendants have failed to perform as they are obligated and are therefore liable for recurring fees of $78,952.00. (Compl. ¶¶ 44-46.)

Despite personal service to defendant Virender on June 26, 2015, he failed to file an answer or otherwise respond to the complaint. (D.E. 5.) Accordingly, on August 3, 2015, the Clerk of the Court entered default as to Virender only, and on September 11, 2015, RWI moved for a final judgment by default. (D.E. 15). The defendants aside from Virender answered the complaint on September 2, 2015, and the case continues to move forward against them.

## II.     Default Judgment and Discussion

In evaluating a motion for default judgment, the Court must first determine whether the Clerk of Court properly entered default. *Fed. R. Civ. P.* 55(a). As Virender has failed to enter an appearance, file an answer, or in any way respond to the complaint, the entry of default is proper in this case.

"As a general matter, even when a party is properly in default, the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left

primarily to the discretion of the district court." *Ramada Worldwide Inc. v. Abel Lodging, LLC*, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014) (Linares, J.); *see, e.g., Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984). Where a motion for default judgment is made as to only one defendant in a multi-defendant case, "the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp.2d 842, 849 (D.N.J. 2008) (Brown, J.) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)); *see also* Charles A. Wright et. al., 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed. 2015) ("judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted"). To avoid potential absurdities that could result from inconsistent judgments, this practice is most strictly applied where the alleged liability is joint and several. *See e.g., Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (citing *Golf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1511-12 (11th Cir. 1984) (finding default judgment "incongruous and unfair" where defendants were jointly and severally liable)); *see also Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, 2016 WL 54676 (D.N.J. Jan. 5, 2016) (Walls, J.) (declining to grant default judgment against one of two defendant where it would "create the risk of potentially inconsistent judgments").

Here, the Guaranty imposes joint and several liability among the Guarantor Defendants and the action is proceeding on the merits against VNM, and DK. Under these circumstances the Court withholds granting default judgment against Virender until this lawsuit is either resolved on the merits or all defendants have defaulted.

### III. Conclusion and Order

For the foregoing reasons, RWI's application for default judgment is denied without prejudice.

Based on the foregoing,

**IT IS** on this 23th day of March, 2016,

**ORDERED** that RWI's motion for default judgment as to Virender Sanwal is **denied** without prejudice to refile at the conclusion of the case between RWI and the remaining defendants.

                                                /s/ Katharine S. Hayden
                                                 Katharine S. Hayden, U.S.D.J.