**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

**REPORT AND RECOMMENDATION**

Re:   Ramada Worldwide, Inc. v. VMN Foothills, LLC, et al.
        Action No. 2:15-cv-4078 (KSH)(CLW)

This matter comes before the Court upon the District Judge's referral for a report and recommendation on Plaintiff's motion (ECF No. 27) to strike Defendants'[1] answer (ECF No. 13) pursuant to Rule 37 of the Federal Rules of Civil Procedure and to enter default against Defendants pursuant to Rule 55(a). As set forth below, Defendants have failed to defend this matter and, accordingly, the Court respectfully recommends that the District Judge strike the answer and enter default.

Although Defendants filed an answer and appeared for conferences, a review of the docket demonstrates Defendants' failure to otherwise defend or participate in this action. Indeed, on April 8, May 20, and June 23, 2016, Plaintiff wrote to the Court to describe Defendants' failure to participate in discovery and to seek leave to file the instant motion. (Letters, ECF Nos. 20, 23, 25.) In particular, Plaintiff indicated that Defendants "failed to respond to written discovery requests" made on September 8, 2015, failed to provide initial disclosures, see id., and Plaintiff now certifies to the same. (Couch Cert., ECF No. 27-3, ¶¶ 5-15 (also outlining written discovery demands made directly upon Defendants).) Similarly, in conferences held on May 6, May 23, and June 24, 2016, the Court addressed these ongoing deficiencies, directed Defendants to participate in the matter in accordance with the Pretrial Scheduling Order, ECF No. 16, and afforded Defendants additional time for compliance by way of a Text Order, ECF No. 26, extending the paper and fact discovery deadlines. Nonetheless, Defendants have not participated in discovery or even opposed the instant motion.[2] The Court therefore concurs with Plaintiff's recitation of the history of this case, Couch Cert., ECF No. 27-3, Motion, ECF No. 27-4, and emphasizes that Defendants' pattern of non-compliance and non-participation has persisted for several months despite Plaintiff's entreaties and the Court's Orders.

Pursuant to 28 USC § 636, Rule 72, and Local Rule 72.1(a), this Court may entertain a dispositive motion such as the instant motion to strike. Moreover, where, as here, a party "fails to obey a scheduling or other pretrial order," Rule 16(f)(1)(C) permits sanctions as authorized by Rule 37(b)(2)(A)(iii), which in turn provides that the Court may "strik[e] pleadings in whole or in

---

[1] As referred to herein, "Defendants" means those entities and individuals that are the subject of the instant motion and share the same counsel, i.e., VMN Foothills TIC, LLC; DK TIC, LLC; Mayank Patel; Narinder Sanwal; Dilip Patel; and Kokila Patel. See Answer, ECF No. 13, at 1; Couch Cert., ECF No 27-3, ¶ 2. An additional individual Defendant, Virender Sanwal, *pro se*, is not the subject of the instant motion.

[2] As to the latter, Defendants only requested an extension of the briefing schedule. (Letter, ECF No. 28.)

part." Also, an entry of default under Rule 55(a) is appropriate where, as here, a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Again, the docket makes plain Defendants' failure to participate and the Court credits Plaintiff's counsel's certification.

Based on the record presented, the Court is constrained to conclude that Defendants' conduct has "ma[de] adjudication of the case impossible," such that the motion to strike should be granted. Sebrell ex rel. Sebrell v. Philadelphia Police Dep't, 159 F. App'x 371, 374 (3d Cir. 2005); Abulkhair v. New Century Fin. Servs., Inc., 467 F. App'x 151, 153 (3d Cir. 2012). Such relief would be appropriate even if the Court were to undertake the multi-factored analysis applicable to such motions where the non-participation is not so stark. That is, the Court generally considers the following factors in considering a motion to strike premised upon a party's failure to participate: 1) the extent of the party's personal responsibility; 2) the prejudice to the opponent; 3) any history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) whether effective alternative sanctions are available; and 6) the meritoriousness of the claim or the defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The first four factors weigh in favor of striking Defendants' answer because, as set forth above, Defendants have had ample notice and opportunity to litigate this matter but have clearly and intentionally declined to do so for a prolonged period—to the detriment of Plaintiff and the progress of this case. In addition, the Court discerns no suitable alternative sanction in light of the continued inactivity. As for the merits of Defendants' claims or defenses, the Court is ill-positioned to assess as much due to Defendants' non-participation.

In light of the foregoing, the Court respectfully recommends that the District Judge grant Plaintiff's motion and strike Defendants' answer and enter default.

Plaintiff shall mail a copy of this Order to Defendant Virender Sanwal via certified mail, return receipt requested, and provide proof of such to the Court via CM/ECF.

The Court will hold a teleconference, to be initiated by Plaintiff, on November 17, 2016 at 12:30 PM.

**SO ORDERED**

*s/Cathy L. Waldor*
**Dated:   October 20, 2016**          **CATHY L. WALDOR**
                                       **United States Magistrate Judge**