## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAMADA WORLDWIDE, INC.,

*Plaintiff*,

v.

VMN FOOTHILLS, LLC, et al.

*Defendants*.

Civil No.: 15-cv-4078 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court upon a report and recommendation filed by Magistrate Judge Cathy Waldor (D.E. 31), recommending that the Court grant plaintiff's motion (D.E. 27) made pursuant to Fed. R. Civ. P. 37 to strike the answer (D.E. 13) filed by defendants VMN Foothills, TIC, LLC, DK TIC, LLC, Mayank Patel, Narinder Sanwal, Dilip Patel and Kokila Patel ("defendants"),[1] and to enter default against them pursuant to Fed. R. Civ. P. 55(a). For the reasons set forth below and in Judge Waldor's report and recommendation, the Court accepts Judge Waldor's report and recommendation in whole and grants plaintiff's motion.

I.     **Background**

On June 16, 2015, Ramada Worldwide, Inc. ("RWI") filed a complaint against defendants seeking damages for a breach of a license agreement and personal guarantee (D.E. 1). Defendants filed their answer on September 2, 2015 (D.E. 13).

By letter dated September 8, 2015, RWI served defendants with discovery requests and noticed defendants' depositions. *See* Certification of Brian P. Couch, dated July 6, 2016 (the

---

[1] An additional individual defendant, Virender Sanwal, *pro se*, is not the subject of the instant motion.

"Couch Cert."), Exh. A.  Following a Rule 16 conference on November 10, 2015, Judge Waldor issued a pretrial scheduling order requiring defendants to serve Rule 26 disclosures on or before November 20, 2015, and responses to the above-noted discovery demands on or before January 18, 2016 (D.E. 16).  Defendants failed to meet these deadlines.

By letters dated January 19, 2016 and February 8, 2016, RWI again demanded the outstanding discovery, and also canceled and rescheduled defendants' depositions due to their failure to provide written discovery responses.  *See* Couch Cert., Exhs. B, C, D, and E.  Despite these repeated requests, defendants still failed to provide the outstanding discovery.  *See* Couch Cert., at ¶ 11.

By letters dated April 8, May 20, and June 23, 2016, RWI requested the Court's permission to file a motion to strike defendants' answer and enter default against them (D.E. 20, 23, 25).  In conferences held on May 6, May 23, and June 24, 2016, Judge Waldor addressed defendants' ongoing discovery deficiencies, and directed them to participate in the case and to comply with the pretrial scheduling order.  *See* Report and Recommendation, dated October 20, 2016 (D.E. 31), at p. 1.  During the June 24 conference, Judge Waldor granted defendants additional time to comply, and gave RWI permission to file the instant motion without further notice if defendants failed to produce discovery by July 5, 2016 (D.E. 26).

After defendants failed to meet the extended deadline, RWI filed the instant motion (D.E.27) to strike defendants answer (D.E. 13) and enter default against them.  The Court referred the motion to Magistrate Judge Waldor, who issued a report and recommendation in plaintiff's favor.  For the reasons set forth below, the Court accepts Judge Waldor's report and recommendation in whole and grants plaintiff's motion.

**II.    Standard of Review**

When a magistrate judge addresses dispositive motions, s/he submits a report and recommendation to the district court. *See 28 U.S.C.* §636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(c); *see also* L.Civ. R. 72.1(c)(2). "[A] Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it." *See Murphy v. Zajac*, 2014 WL 3845830, at *2 (D.N.J. June 4, 2014) (citing *United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Pursuant to Fed. R. Civ. P. 72(b)(3), in reviewing a magistrate judge's recommendation on a dispositive motion, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Where, as here, no objection is filed, "the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." 1983 Advisory Committee Notes to Fed. R. Civ. P. 72(b).

III.    Analysis

Where, as here, a party "fails to obey a scheduling order or other pretrial order" Rule 16(f)(1)(C) permits sanctions as authorized by Rule 37(b)(2)(A)(iii), which in turn provides that the Court may "strik[e] pleadings in whole or in part." Rule 55(a) further provides that entry of default is appropriate where, as here, a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

The docket and plaintiff's counsel's unopposed certification establish that defendants have failed repeatedly to obey the pretrial scheduling order and have plainly failed to defend this action. Although defendants filed an answer and appeared for conferences, they failed to provide initial disclosures or respond to written discovery and deposition requests, in contravention of

both the pretrial scheduling order and Judge Waldor's subsequent orders, despite receiving ample additional time for compliance.  As Judge Waldor indicates, "[d]efendant's pattern of non-compliance and non-participation has persisted for several months despite [p]laintiff's entreaties and the Court's [o]rders."  *See* Report and Recommendation, at p. 2.  Defendants have refused to participate in this action despite receiving no less than three letters from plaintiff demanding compliance, attending no less than three conferences with Judge Waldor specifically addressing the discovery deficiencies, and receiving a generous extension of time.  Defendants have intentionally and willfully failed to comply.  In this light, the Court concurs with Judge Waldor's determination that defendants' conduct has "ma[de] adjudication of the case impossible," such that plaintiff's motion to strike should be granted.  *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 374 (3d Cir. 2005); *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012).

Even if defendants' conduct did not make adjudication of the case impossible, the Court concurs with Judge Waldor's determination that plaintiff's motion to strike should be granted under the multi-factor analysis set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  When considering a motion to strike in the context of a party's failure to participate, courts look to the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense.  *See Poulis*, 747 F.2d at 868.  As Judge Waldor correctly indicated in her report and recommendation:

> The first four factors weigh in favor of striking Defendants' answer because, as set forth above, Defendants have had ample notice and opportunity to litigate this matter but have clearly and intentionally

declined to do so for a prolonged period—to the detriment of
Plaintiff and the progress of this case.

Report and Recommendation, at p. 2.  The fifth factor, availability of alternative sanctions, also

weights in plaintiff's favor, as there is "no suitable alternative sanction in light of [defendants']

continued inactivity."  *Id.*

**IV.     Conclusion**

For the reasons set forth above, the Court accepts Judge Waldor's report and

recommendation in whole, and plaintiff's motion (D.E. 27) is granted.  Defendants' answer is

stricken and the Clerk of the Court is directed to enter default against them.  An appropriate

order will be entered.

March 28, 2017

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.