UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>VMN FOOTHILLS TIC, LLC, a Delaware Limited Liability Company; DK TIC, LLC, a Delaware Limited Liability Company; MAYANK PATEL, an individual; VIRENDER SANWAL, an individual; NARINDER SANWAL, an individual; DILIP PATEL, an individual; and KOKILA PATEL, an individual,<br><br>*Defendants*. | Civil No.: 15-cv-4078 (KSH) (CLW)<br><br><br><br><u>OPINION</u> |

**Katharine S. Hayden, U.S.D.J.**

Plaintiff Ramada Worldwide Inc. ("RWI") moves for summary judgment against defendant Virender Sanwal for breach of a personal guaranty. (D.E. 30.)

The Court previously addressed this litigation in its opinion denying RWI's motion for default judgment against Sanwal. (D.E. 18.) That opinion set forth the background for the parties' dispute, which is focused on the collective defendants' breach of their franchise agreement ("License Agreement") with RWI. As recited in the Court's opinion, the individual defendants all signed a guaranty (D.E. 1, Ex. B) (the "Guaranty") that made them joint and severally liable to perform the obligations undertaken by the LLC defendants in the License Agreement under which the LLCs operated a 113-room Ramada Hotel in Tucson, Arizona. The License Agreement was breached when the facility was sold without notice, and RWI sued.

1

Since the Court entered its ruling as to Sanwal, RWI has obtained default judgments against the other defendants.[1] Now RWI has moved for summary judgment against Sanwal, based on his answer to the complaint and discovery consisting of Sanwal's deposition and answers to interrogatories.

The Guaranty as to which RWI has moved for judgment in its favor provides in full:

### **GUARANTY**

To induce Ramada Worldwide Inc., its successors and assigns ("you") to sign the License Agreement ("the Agreement") with the party named as the Licensee," to which this Guaranty is attached, the undersigned, jointly and severally ("we, "our," or "us"), irrevocably and unconditionally (i) warrant to you that Licensee's representations and warranties in the Agreement are true and correct as stated, and (ii) guaranty that Licensee's obligations under the Agreement, including any amendments, will be punctually paid and performed.

Upon default by Licensee and notice from you we will immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement. Without affecting our obligations under this Guaranty, you may without notice to us extend, modify or release any indebtedness or obligation of Licensee, or settle, adjust, or compromise any claims against Licensee. We waive notice of amendment of the Agreement. We acknowledge that Section 17 of the Agreement, including Remedies, Venue, and Dispute Resolution, and WAIVER OF JURY TRIAL, applies to the Guaranty.

Upon the death of an individual guarantor, the estate of the guarantor will be bound by this Guaranty for obligations of Licensee to you existing at the time of death, and the obligations of all other guarantors will continue in full force and effect.

This Guaranty may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument.

IN WITNESS WHEREOF, each of us has signed this Guaranty effective as of the date of the Agreement.

(D.E. 1, Ex. B.)

---

[1] The Court adopted Magistrate Judge Cathy Waldor's Report and Recommendation in an opinion (D.E. 37) that recites the non-Sanwal defendants' failure to meet extended deadlines for providing discovery and to comply with scheduling orders, as a result of which RWI was granted default judgment against them and permitted to file for summary judgment as to Sanwal.

As written, the Guaranty obligates Sanwal to "immediately make each payment and perform or cause [the LLCs] to perform, each unpaid or unperformed obligation," in the event of a default; to pay RWI's legal fees incurred in enforcing the Guaranty; and reflects Sanwal's recognition of his individual responsibility for all payments due to RWI under the License Agreement with the LLCs.

At the time the LLCs breached the License Agreement, they owed outstanding fees and royalties. (*Id.* at ¶ 36.) On October 2, 2013, RWI acknowledged the termination of the License Agreement effective March 26, 2013, the date of the sale of the facility, and advised the LLCs that they were required to pay all unperformed financial obligations through the date of termination. (D.E. 37-4.) In total, RWI seeks $109,619.50, which includes recurring fees, actual damages, interest, attorney's fees, and costs. (Compl. at ¶ 42.)

Sanwal's letter response (D.E. 40) to RWI's motion states:

As mentioned in the discovery and deposition with Mr. Bryan P. Couch, I had given up my share of 20% ownership to the Ramada Inn and VMN Foothills on February 5, 2013 for ZERO value.

I was never involved in the day to day operations of Ramada Inn & Suites and all accounts payable and receivable were handled by Mr. Dilip Patel and or Mr. Mayank Patel. They paid the bills by company checks and personal credit cards. I was never authorized to operate any of the company bank accounts. My signature was not on any of the bank checks.

I visited the property only twice, once to review before buying said property and the second time to spend two days' vacation at the property.

Mr. Dilip Patel and Mr. Mayank Patel, both coerced me to give up my rights to the said property. On January 28, 2013, VMN Foothills signed a resolution by which Mr. Mayank Patel, for and behalf of the company, shall have the authority to executive, acknowledge and deliver to DK TIC, LLC any and all documents and instruments required to complete the transfer of the company's interest to the Ramada Inn property to DK TIC, LLC. I had no clue as to what their intentions were. I believe when RWI made the written demands for payment on March 26,

3

> 2013, by when I was not a member or had any ownership rights to the said property, they told me not to worry and would take care of it as it was their problem.
>
> I, Virender Sanwal had no knowledge, information, or awareness of any outstanding payments or other fees to Ramada Worldwide Inc. until they sent out the letter on March 26, 2013.

Aside from the defenses raised in his letter response, Sanwal asserted in his answer (D.E. 19) that even if he is liable, his personal liability should be capped at his 20% ownership interest, and that there is a $90,000 security deposit that should cover what the LLCs owe RWI.

## I. Discussion

### A. Summary Judgment Standard

Summary judgment is warranted where the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). In determining whether the personal guaranty at issue is enforceable as a matter of law, the Court "view[s] the evidence in the light most favorable to [Sanwal] and draw[s] all justifiable, reasonable inferences in [his] favor." *Sgro v. Bloomberg L.P.*, 331 F. Appx. 932, 937 (3d Cir. 2009).

The movant's burden "may be discharged by 'showing' ... that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) (internal citations omitted). In opposing, the non-movant "may not rest upon mere allegations or denials"— instead, the non-movant, "by affidavits or as otherwise provided in [FRCP 56], must set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

### B. Analysis

For a judgment on a personal guaranty to succeed, a plaintiff must establish six elements: (1) execution of the guaranty by the guarantor; (2) the principal obligation and terms of the guaranty; (3) the lender's reliance on the guaranty in extending monies to the borrower; (4) default by the principal obligator; (5) written demand for payment on the guaranty; and (6) failure of the guarantor to pay upon written demand. *U.S. on Behalf of Small Business Admin. v. DelGuercio,* 818 F.Supp. 725, 727–28 (D.N.J. 1993).

First, it is undisputed that Sanwal executed the Guaranty, as he admits to signing it. (Sanwal Dep. 37:4–21.) Second, the Guaranty stated that Sanwal was required to "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement." (*See* Guaranty at 1.) This language is not susceptible to differing interpretations: simply put, there is no ambiguity that would preclude summary judgment. *See e.g.*, *American Cyanamid Co. v. Fermenta Animal Health Co.,* 54 F.3d 177, 182 (3d Cir.1995) (emphasizing that a contract's language is unambiguous "when accorded the commonly understood meaning of its words [and] cannot be disregarded unless the extrinsic evidence is such as might cause a reasonable fact finder to understand the text differently.")

Third, as to reliance, under its express terms the Guaranty required a third party to ensure that the principal's obligations would be "punctually paid and performed." (Guaranty at 1.) Indeed, the Guaranty begins by declaring that its purpose is "[to] *induce* Ramada Worldwide Inc., its successors and assigns ("you") to sign the License Agreement… ." (*See id.*) (emphasis added). The language of the document sufficiently indicates RWI relied on it in licensing out its marks to defendants. Next, by a letter sent on October 22, 2013, RWI notified the LLCs of their default. (D.E. 37-4.) And Sanwal admits that he was aware of RWI's written demand for payment. (*See* Sanwal Opp. Letter.) Last of all, it is undisputed that Sanwal has failed to pay

5

the recurring fees due under the License Agreement. (*Id.*) As such, RWI has established Sanwal's breach of the Guaranty.

Significantly, Sanwal fails to point to any issues of *material* fact that would suggest otherwise. The Court is mindful of Sanwal's protestations that it is unfair to have to answer for the financial foibles of the business entities he passively invested in, and the Court has set forth above in relevant part his stated reasons for opposing RWI's motion. But Sanwal's allegations against third parties' malfeasance do not cancel the obligations imposed on him by the Guaranty, which he does not deny he signed in this business deal gone bad. Indeed, Sanwal's rancor towards his business partners is not pertinent to the rights RWI has under the Guaranty. Under New Jersey law, it is well-settled that a guaranty is an independent agreement, where the guarantor, "in a separate contract with the obligee, promises to answer for the primary obligor's debt on the default of the primary obligor." *Cruz-Mendez v. ISU/Ins. Servs. of San Francisco*, 156 N.J. 556, 568 (1999). Ultimately, then, Sanwal's obligations under the Guaranty are personal to him and independent of his affiliation with VMN Foothills, LLC.

## II.   Conclusion

For the foregoing reasons, RWI's motion for summary judgment is granted, and the clerk of the court is directed to close this case. An accompanying order will be filed.

s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J.

Dated: September 29, 2017